NOT DESIGNATED FOR PUBLICATION

No. 127,703

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KAREN REINHART,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed August 1, 2025. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM:  The factual basis underlying Karen Reinhart's convictions for one count of theft and one count of making a false information reflects she embezzled more than $300,000 from her employer. In this timely appeal, Reinhart claims the restitution order to repay $45,900 through monthly payments of $765 is not workable given her current financial circumstances. After careful review, we find the record does not support Reinhart's contention the restitution order is not workable. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Reinhart pled guilty to one count of theft and one count of making a false information. The district court accepted Reinhart's guilty pleas and convicted her accordingly. The factual basis underlying her pleas reflected Reinhart embezzled from her former employer over a roughly two-year span. Despite the amount taken, the plea agreement provided the State would only seek $45,900 in restitution, to be paid in monthly increments over the course of an expected five-year period of probation. This was done in consideration of Reinhart's advanced age, her limited number of remaining working years, and the fact she claimed to be on a fixed income.

At sentencing, the district court followed the plea agreement and imposed an underlying sentence of 13 months' imprisonment, suspended to 60 months' supervised probation. The State asked the district court to order Reinhart to pay $45,900 in restitution to her former employer through $765 monthly payments over the course of her probation. Reinhart argued the requested restitution was unworkable and asked the district court not to order any restitution. Through her attorney, Reinhart claimed she had a monthly income of $3,308.75 but only had $179 in disposable income after all expenses. Those expenses were described by Reinhart's attorney as mortgage and car payments, credit card payments, and other unspecified expenses. Reinhart did not testify to support her claimed expenses or provide any documents in support. In response to Reinhart's arguments about her ability to pay, the district court stated: "[T]he fact that you make over $3,000 a month and whatever expenses you claim you have, it's time to make an adjustment." The district court ordered restitution as requested by the State. Additional facts are set forth as necessary.

2

ANALYSIS

Reinhart argues the restitution plan ordered by the district court was unworkable. Whether a district court's order of restitution is unworkable is reviewed for an abuse of discretion. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Reinhart bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Under K.S.A. 21-6604(b)(1): "[T]he [sentencing] court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime." Our Supreme Court has interpreted this to mean: "Restitution is the rule and a finding that restitution is unworkable is the exception." *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017). To support such a finding, the defendant must come forward with evidence reflecting an inability to pay restitution as ordered. *Meeks*, 307 Kan. at 820; *Holt*, 305 Kan. at 842. Whether a restitution plan is unworkable must be examined on a case-by-case basis. *Meeks*, 307 Kan. at 820.

Relying on *State v. Herron*, 50 Kan. App. 2d 1058, 335 P.3d 1211 (2014), Reinhart argues the district court's restitution plan was unworkable. However, the State correctly points out *Herron* is readily distinguishable from the facts here. In *Herron*, the district court ordered Herron to pay $6,864.10 in restitution while serving an 18-month probationary sentence. Herron objected and provided specific information on her finances reflecting she made $680 per month, paid $392 per month for her car, rent, and health insurance, and spent $161 per month for food, leaving her only $32 per week for basic necessities like soap, medicine, and socks. The State suggested Herron could pay $10 per month until restitution was paid off. The district court ordered Herron to pay restitution

3

but provided no specific instructions for how it was to be paid. The *Herron* panel found: "[N]o reasonable person would agree that requiring Herron to pay either $6,864.10 in 18 months or $10 a month for the next 57 years is workable. The district court erred here by adopting only a total restitution amount while providing no plan—workable or otherwise—for paying it." 50 Kan. App. 2d at 1065-66.

In contrast, here, the district court provided a specific plan for Reinhart to pay restitution at $765 per month. Reinhart's monthly income of $3,308.75 is considerably higher than Herron's. Reinhart claimed to have a variety of expenses but failed to provide any evidence or exact figures for her mortgage payment, car payment, credit card payments, and other unspecified expenses briefly mentioned by her attorney at sentencing. In the financial affidavit filed with her request for appointed counsel, Reinhart indicated she owned a 2020 Kia Sportage and did not owe anything on it but failed to provide the present value of the vehicle. She indicated she owned a home or other real property but, likewise, did not indicate its value. Her claimed expenses were: $1,394 in house payments; $500 for food and clothing; $450 for utilities; and $700 in other unspecified expenses. But again, there was no testimony or other evidence presented by Reinhart at sentencing as to what her actual monthly expenses were at that time.

The State correctly argues the facts here are much more analogous to *State v. Neises*, No. 118,624, 2018 WL 5730135, at *1 (Kan. App. 2018) (unpublished opinion). There, Neises acknowledged causing over $48,000 in losses to the victim and agreed if probation was granted she would serve an extended term of 60 months. The district court imposed a 60-month probationary sentence and ordered Neises to pay a little over $48,000 in restitution at a rate of $390.48 per month. The *Neises* panel noted that at sentencing: "Neises claimed, without any supporting evidence, that a $390 monthly payment was too high because she was on disability, had to pay her minor daughter's insurance, had to care for her grandson, and was unsure if her marriage would survive."

2018 WL 5730135, at *2. Ultimately, the *Neises* panel found "Neises presented very little evidence that her income, assets, debts, future ability to earn income, future living expenses, or dependents rendered her unable to pay the $390.48 per month" and concluded: "Neises did not meet her burden to show that the plan was unworkable." 2018 WL 5730135, at *3.

We likewise conclude Reinhart failed to meet her burden to show the restitution plan was unworkable. The payment amount ordered is less than 25 percent of Reinhart's admitted monthly income, and she presented no evidence she was unable to work to maintain or supplement her current income. The expenses her counsel alluded to were not substantiated by any documentary or testimonial evidence at sentencing, and the claim she had a car payment is seemingly contradicted by the information submitted in her application for appointed counsel. Even if we were to take into account the various expenses Reinhart listed in the affidavit accompanying her request for appointed counsel, we observe, as the district court noted, Reinhart needs to "make an adjustment" to her lifestyle and expenses to satisfy her restitution obligation. Reinhart has failed to support her claim that the order for restitution is unworkable. We observe no abuse of discretion in the district court's restitution order.

Affirmed.